UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL L. FARLEY,

                              Plaintiff,

                                                              **Hon. Hugh B. Scott**

                                                                 11CV198S

                              v.                              **Order**


UNITED STATES OF AMERICA,

                              Defendant.


        Before the Court is plaintiff Michael Farley's motion to compel additional depositions

and document production (Docket No. 105).  Responses to this motion were due by May 22,

2015, replies by May 29, 2015, and the matter was deemed submitted (without oral argument) on

May 29, 2015 (Docket No. 106).  Defendant filed its timely response (Docket Nos. 109, 111) and

plaintiff replied (Docket No. 112).  Both sides sought to have certain moving papers filed under

seal (Docket Nos. 104 (plaintiff), 108 (defendant)), which were granted (Docket Nos. 106

(plaintiff), 110 (defendant); see Docket Nos. 107 (plaintiff's exhibits filed under seal), 111

(defendant's exhibits under seal); see also Docket No. 102, Protective Order).  This Court also

held the current Scheduling Order (Docket No. 101) deadlines in abeyance pending resolution of

plaintiff's motion to compel (Docket No. 106).

                                      BACKGROUND

        This is a negligence action against the United States by an employee of a government

contractor, a guard at the Batavia Federal Detention Center ("Batavia") (Docket No. 1, Compl.

¶ 16).  Plaintiff sued the United States for allegedly failing to protect plaintiff from an attack by an inmate at Batavia on September 23, 2008 (id. ¶¶ 11, 19).  Plaintiff's employer, Asset Protection and Security, contracted to provide correctional officers and security services at Batavia (id. ¶¶ 12, 13).

Defendant moved to dismiss the Complaint (Docket No. 7) which was granted in part and denied in part (Docket No. 20, Order of Mar. 5, 2012).  Plaintiff originally alleged a loss of consortium claim by wife Kimberly Farley (Docket No. 1, Compl. ¶¶ 40-41), but this claim and Kimberly Farley were dismissed from the case for failure to be exhausted administratively (Docket No. 20, Order at 14-16).  Henceforth, "plaintiff" refers only to plaintiff Michael Farley.

Defendant then filed and served its Answer (Docket No. 21) and this case was referred to the undersigned as Magistrate Judge (Docket No. 22).  This Court entered a Scheduling Order (Docket No. 26) setting the date for defendant's motion for dispositive relief on jurisdictional grounds, and later extending and amending that schedule (Docket Nos. 30, 33, 35).  Defendant then moved to dismiss or for summary judgment on jurisdictional grounds (Docket No. 42), which was denied by then-Chief Judge Skretny on January 15, 2014 (Docket No. 78).  This Court later amended the Scheduling Order (Docket No. 82; see also Docket Nos. 89, 92, 101).

Plaintiff contends that he suffered a career-ending injury due to the violent attack by the inmate, "whose medical history in fact documents a long history of psychosis" (Docket No. 105, Pl. Atty. Aff. ¶ 3).  "Notwithstanding, the assailant was placed within the plaintiff's housing unit just hours before the subject assault without any notice or warning to the plaintiffs" (id.).  He concludes that defendant, through Immigration and Customs Enforcement, was negligent in permitting plaintiff's assault (id.).  Plaintiff's theory for negligence is that Immigration and

Customs Enforcement (or "ICE") agents failed to document and communicate the known threat that this assailant posed to plaintiff and other contract corrections staff (id. ¶ 8).

*Plaintiff's Motion to Compel*

Discovery conducted here prior to this motion included jurisdictional discovery and the deposition of eleven defense witnesses and five non-party witnesses (id. ¶ 7). Among the initial disclosure produced to plaintiff, defendant provided the assailant's detention file and within that file is an Intelligence Report, dated August 19, 2008, that assailant stated that he would not be handcuffed and that he would "fight any officer who tries to cuff him in processing" (id. ¶ 10, emphasis removed; Ex. B). The assailant refused to be handcuffed the next day, had disciplinary charges for disrupting the operation of the facility filed against him, and spent 30 days in Special Housing Unit of Batavia (id.). Plaintiff deposed Shawn Covert, who was one of four ICE Intelligence Officers responsible for interviewing detainees to obtain intelligence (id. ¶¶ 11-13, Ex. C). Covert testified that he had no personal knowledge of the Intelligence Report for this assailant (id. ¶ 14).

Plaintiff then noticed the deposition of others in the ICE Intelligence Unit but defendant refused to produce them, citing the number of depositions already taken in this case (id. ¶ 16, Exs. E (deposition notice), F (correspondence in response to notice)). Plaintiff now moves for leave to conduct the deposition of the Intelligence Unit officers (id. ¶ 17).

He also seeks the ICE agency training materials for the operation of the Batavia facility, contending that defendant's agents failed to comply with policies and procedures (id. ¶ 18, Ex. H). Defendant responds that it retains training materials for only three years and thus defendant was not in possession of the materials for the relevant period (id. ¶ 22), now almost

seven years ago.  Plaintiff served another notice to produce and communicated that he seeks

training material from around 2012 (id. ¶ 23, Ex. I).  The notice, dated April 29, 2015, gave

defendant thirty days (or by May 29, 2015) to produce (id., Ex. I).  While plaintiff and defendant

continue to work informally to resolve this dispute, plaintiff nevertheless filed his motion on

May 1, 2015 (id.), for an Order compelling disclosure if the parties cannot work out the issue (id.

¶ 23).

      Defendant responds that plaintiff seeks to conduct depositions beyond the ten deposition

limit under Federal Rule of Civil Procedure 30 (Docket No. 109, Def. Memo. at 1).  Defendant

contends that further depositions here would be cumulative and duplicative of discovery already

obtained and will not lead to any relevant information (id. at 1-2, 2-6).  Plaintiff's motion to

compel is also premature since defendant still has time to produce pursuant to plaintiff's Ninth

Notice to Produce (id. at 2, 6-8).  Defendant submitted under seal certain discovery responses

and deposition testimony already obtained in this action (id., Exs. A-E; Docket No. 111),

including declarations from the three ICE Intelligence Officers plaintiff seeks to depose stating

that they have no recollection of the intelligence report at issue (Docket No. 111, Exs. B-D).  The

document production and testimony, as well as these declarations, establish that there was no

specific policy at Batavia for handling intelligence reports, thus deposing these three agents

would be cumulative and duplicative (Docket No. 109, Def. Memo. at 5-6).

      Plaintiff, in reply, states that he is willing to depose one of three ICE Intelligence Unit

agents based upon defendant's representation in response that agents did not recall seeing the

intelligence report on the assailant (Docket No. 112, Pl. Atty. Reply Aff. ¶¶ 3-5).  Plaintiff now

seeks present training materials from Batavia based upon defense counsel's representation that

contemporary training records were destroyed pursuant to the Government's retention policy (id. ¶ 6).  These records would provide the foundation regarding the training regime as of 2008, records still in existence when plaintiff filed his administrative claim against ICE (id. ¶¶ 8, 9).  Plaintiff concludes that the 2008 training records were relevant and defendant knew (or should have known) to retain them for any subsequent action (id. ¶ 12, see Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 217-18 (S.D.N.Y. 2003)).  Instead of a spoliation remedy, plaintiff seeks production of available, subsequent training records (id.).  Plaintiff concludes that these latter training records are relevant and should be produced (id. ¶ 13).

## DISCUSSION

### I.    Applicable Standards

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter."  Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007).  Federal Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in

good faith conferred or attempted to confer with the party not making the disclosure to secure

that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).

Rule 30 limits the number of depositions that a party may conduct to ten unless they

obtain consent of the opposing party (not present here) or by leave of the Court, Fed. R. Civ. P.

30(a)(2)(A)(i).  By Order this Court may alter this numerical limit, Fed. R. Civ. P. 26(b)(2)(A).

Courts have required the movant to establish not only the necessity of the eleventh and additional

depositions, but also to justify the number of depositions taken, 7-30 Moore's Federal Practice—

Civil § 30.05[b], at (2015) (citing Madison v. Jack Link Assocs. Stage Lighting & Productions,

Inc., 297 F.R.D. 532, 535 (S.D. Fla. 2013); Barrow v. Greenville Indep. Sch. Dist., 202 F.R.D.

480, 482-83 (N.D. Tex. 2001)).  The motion must specifically state the number of additional

depositions sought, id., as was done here (see Docket No. 105, Pl. Atty. Aff. ¶ 17 (seeking to

depose either an identified ICE Intelligence Officer who reviewed the assailant's report or the

three ICE Intelligence Officers who were not examined).

II.      Plaintiff's Motion to Compel

At issue are two areas of discovery, additional depositions beyond the ten allowed by

Rule 30, Fed. R. Civ. P. 30(a)(2)(A)(i), and post-incident training records.  The number of

depositions, in turn, raises concern whether additional depositions would be cumulative and

duplicative of testimony already in this case.

A.       Additional Depositions

The number of more depositions sought by plaintiff, up to three if one ICE Intelligence

Officer is not identified (Docket No. 105, Pl. Atty. Aff. ¶ 17) is allowed.  The prior depositions

were directed at jurisdictional issues, and the up to three additional depositions are not so

burdensome that it would prejudice defendant or delay the ultimate resolution of this case. Plaintiff has established justification for these depositions, to learn the Intelligence Officer responsible for the assailant's report, how information from such reports was transmitted to contract corrections staff (if at all).

Defendant alternatively argues that deposing any of the officers will be cumulative and duplicative of Covert's testimony (Docket No. 109, Def. Memo. at 5-6) not recalling this assailant's intelligence report and about how such reports were handled generally at Batavia. But upon questioning, these officers may recall this assailant, if not the particular report and may know the ways such intelligence reports would have been handled in 2008. Their depositions can be narrowly focused on an inquiry whether witnesses recall reviewing the assailant's intelligence report and whether information from that report was conveyed to plaintiff or other contract corrections officers, or whether it was common practice to advise the contract corrections officers regarding inmate reports. Plaintiff's motion to (Docket No. 105) compel these depositions is **granted**.

    B.       Post-2008 ICE Training Materials

Plaintiff also seeks an Order to compel production of ICE training materials, although he noticed their production and was negotiating with defendant for their production. Technically, defendant has not yet denied their production, and still had time under the notice to produce, but defendant has expressed its objections to producing these documents. As of when the motion was filed, it was premature, but the deadline originally set forth in the notice has passed and there is no indication in the parties' papers that they worked out this issue in tandem with this

motion.  Thus, this Court can consider the standard for production of these records despite the timing of the motion.

With the Government's record retention policy leading to the destruction of 2008 training materials, current training materials becomes relevant as a comparison of what training was available in 2008.  Witness may testify to any changes from the 2008 training as compared with current standards.  Thus, the current training materials will lead to relevant evidence and plaintiff's motion compelling its production is **granted**.

III.     Amended Scheduling Order

Upon resolution of plaintiff's motion, the schedule in this action needs to be restarted. To allow time to complete discovery, the discovery deadline now is **August 28, 2015**, or 60 days from entry of this Order; dispositive motions are now due by **November 27, 2015**.  Referral of this action to mediation now will conclude on **December 1, 2015**.  If no dispositive motions are filed, a Status Report to the undersigned also is due by **December 1, 2015**, with a Status Conference set for **Wednesday, January 13, 2016, at 2 pm**, before the undersigned.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 105) to compel is **granted**. The Amended Scheduling Order (Docket No. 101) is **extended** as indicated above.

So Ordered.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
            June 29, 2015